# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARGARET SHERMAN, and RICHARD SHERMAN, | ) ) ) | |
| Plaintiffs, | ) ) | 8:04CV300 |
| vs. | ) ) ) | ORDER |
| SHANGLI JIN XIN EXPORT FIREWORKS FACTORY; SUNSONG AMERICA, INC.; SHIU FUNG FIREWORKS CO. LTD.; WINCO FIREWORKS, INC. and WINCO FIREWORKS, INTERNATIONAL, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on various matters related to service. Plaintiffs' MOTION TO DETERMINE SUFFICIENCY OF PROCESS ON DEFENDANT SHANGLI JIN XIN EXPORT FIREWORKS FACTORY (#44), was apparently filed in response to the correspondence received from Robert J. Weaver (#38) advising that plaintiffs incorrectly identified him as a representative of former defendant China Sunsong Fireworks, and asking that he no longer be associated with this case in any capacity.

In summary, plaintiffs now contend they have effected service on Shangli Jin Xin Export Fireworks Factory ("Shangli Jin Xin") by (i) serving Weaver with the Summons and Amended Complaint, and (ii) by serving codefendant Sunsong America, Inc. ("Sunsong America") with the Summons and Amended Complaint.[1]

---

[1] The record shows that Sunsong America, Inc. was personally served on September 13, 2004 at 125 Parkway Forest Drive, Suite 316, Toronto, Ontario, Canada, J2J 1L9. (#15).

Mr. Weaver responded to plaintiffs' motion by correspondence (#47). Plaintiffs filed a responsive MOTION FOR EXTENSION OF TIME TO DEMONSTRATE SERVICE ON DEFENDANT SHANGLI JIN XIN EXPORT FIREWORKS FACTORY (#48), prompting a response by codefendant, Sunsong America, objecting to "plaintiffs' efforts to have Sunsong America deemed to be an agent for service of process upon defendant Shangli Jin Xin Export Fireworks Factory, Inc." (#49, Affidavit of Quan Shi). Plaintiffs then filed a reply brief (#51).

## BACKGROUND

Plaintiffs allege that Margaret Sherman was injured on July 3, 2002 while observing fireworks being set off in the back yard of her daughter's home in Omaha, Nebraska by a rocket allegedly "designed, manufactured, tested, assembled, packaged, labeled, exported and sold and/or distributed" by the defendants. When its fuse was ignited, the rocket flew directly into Margaret Sherman's eye, causing the eventual loss of the eye.

On October 7, 2004, Robert J. Weaver signed for and accepted delivery of an article of certified mail containing a summons and a copy of the complaint. (*See* #18). The article was addressed to

> Bob Weaver
> China Sunsong Fireworks Manufacturing Co., Ltd.
> 4247 Alder Drive
> San Diego, CA 92116

On October 15, 2004, Weaver filed a letter with the court (#19) advising:

> I have no connection to or association with the company "China Sunsong Fireworks Manufacturing Co., Ltd." I am not an employee of that company. I am not an owner, or part owner, of that company, and I am not a sales

associate of that company in any way. In 1998, I helped that company import a printed catalog into the U.S. by picking up the catalogs for them at the port of entry. My name was on the Customs paperwork for that shipment, so that must be why my name was listed on some document for that company. As far as I know, China Sunsong is a 100% Chinese-owned company. In addition, I have no association with any of the other parties that are named in the above case.

Consequently, in November 2004 plaintiffs were given an extension of time to February 28, 2005 to serve former defendant China Sunsong Fireworks Manufacturing Co., Ltd. ("China Sunsong") outside of the United States pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"). Plaintiffs attempted to serve China Sunsong on two separate occasions but each of those attempts was rejected by Chinese officials because, *inter alia*, plaintiffs allegedly failed to identify the precise legal name of China Sunsong. *See* #34, Motion for Leave to Amend Complaint.

Plaintiffs retained an investigator on or about January 5, 2005 to conduct an address search for "China Sun Song Fireworks Manufacturing Co., Ltd." The investigator reported that the legal name and address of the company in question was "Shangli Jin Xin Export Fireworks Factory," Puhua Village, Jinshan Town, Shangli County, Pingxiang City, Jiangxi Province 337011, P.R. China. The investigator advised that the internet web site associated with the company was reported to be www.sunsong.com.cn, which provided a link to Shangli County Jin Xin Export Fireworks Factory at http://sunsongfireworks.com. *See* #46-3, Ex. B; #34, Motion for Leave to Amend Complaint.

Plaintiffs were given leave to file an amended complaint substituting Shangli Jin Xin as a defendant in place of China Sunsong. Plaintiffs' pending MOTION FOR EXTENSION OF TIME TO DEMONSTRATE SERVICE ON DEFENDANT SHANGLI JIN XIN EXPORT FIREWORKS FACTORY (#48) advises that, as of February 25, 2005, plaintiffs had not received any response from Chinese officials concerning their efforts to serve Shangli Jin Xin pursuant to the Hague Service Convention.

Meanwhile, Robert J. Weaver filed a letter (#47) explaining that he is self-employed and evaluates new fireworks that come onto the consumer fireworks market. He publishes an annual buyer's guide to fireworks and produces DVDs showing some of the new fireworks. Weaver maintains his own web site, and his work is independent of any fireworks manufacturer. Due to the nature of his work, various fireworks manufacturers, distributors and retailers often send him catalogs and samples. When Sunsong Fireworks entered the consumer market, the company sent Weaver a box of its catalogs and wanted Weaver to become their sales representative. Weaver states that he declined to do so and accepted no money from Sunsong Fireworks. Nor has he evaluated any of Sunsong's products in his books or DVDs. In early 1998, Sunsong's sales representative in Spain listed Weaver on Sunsong's web site as a U.S. representative for Sunsong, without Weaver's permission. Plaintiffs relied on this information in error. *See* #46-4, Ex. C. The mistake has been corrected and Sunsong's web site no longer lists Weaver as a representative of Sunsong. Weaver takes issue with plaintiffs' arguments that the defendants represented to the public

that Weaver was their agent. In conclusion, it is Weaver's position that the fact that he merely signed for a certified letter addressed to him at his home address cannot be construed to mean that Weaver is an agent or representative of the defendant.

On February 28, 2005, Quan Shi, the president of defendant Sunsong America, filed an affidavit (#49 & #50)[2] objecting to plaintiffs' efforts "to have Sunsong America deemed to be an agent for service of process upon defendant Shangli Jin Xin Exports Fireworks Factory, Inc." ("Shangli Jin Xin") and responding to plaintiffs' effort that they have properly served Shangli Jin Xin with process via service upon Sunsong America. The affiant advises that Sunsong America was incorporated under the name of Superstar Pyrotechnics, Inc. under the laws of Canada on August 29, 2002, two months after the plaintiffs were injured. "Sunsong America is not, nor has ever been, the agent for service of process for Shangli. Shangli does not (i) have any ownership interest in Sunsong America, and (ii) have any common officer, directors or shareholders." *Id*. at ¶ 7. The affidavit also contains the somewhat mysterious statement, "At all times relevant there are no contract by and between defendants Sunsong America and Shangli ... and either party at will and without notice can terminate the business relationship." *Id*. at ¶ 6.

Plaintiffs continue to assert in their Reply Brief (#51) that they have properly effected service on Shangli Jin Xin by serving the summons and complaint upon Bob Weaver and by

---

[2]Some statements in this affidavit suggest it may have been filed in support of an argument for dismissal of plaintiffs' claims against Sunsong America; however, no motion to dismiss has been filed and the court has considered the affidavit only as it relates to plaintiffs' attempted service on Xhangli Jin Xin Exports Fireworks Factory, Inc.

serving the Amended Complaint on Sunsong America, "an entity which Shangli Jin Xin holds out to the public as one of its North American representatives and as an agent for service."

## DISCUSSION

Under Rule 4(h) of the Federal Rules of Civil Procedure, a foreign corporation may be served with summons

> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1)[3], or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or
> (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.[4]

---

[3] I.e., "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State[.]" Fed. R. Civ. P. 4(e)(1).

[4] I.e.,
   (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
   (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
      (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
      (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or
      (C) unless prohibited by the law of the foreign country, by
         * * * *
         (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

As discussed above, the plaintiffs have determined Shangli Jin Xin's actual name and location and are attempting to serve the company in China pursuant to the Hague Service Convention. They also seek a determination by this court, however, that Shangli Jin Xin was properly served under Rule 4(h) by means of their service of summons and the complaint to Bob Weaver and to Sunsong America. The court has received only *pro se* responses to the plaintiffs' motions from Bob Weaver and via the Affidavit of Quan Shi.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Milliken v. Meyer*, 311 U.S. 457; *Grannis v. Ordean*, 234 U.S. 385; *Priest v. Board of Trustees of Town of Las Vegas*, 232 U.S. 604; *Roller v. Holly*, 176 U.S. 398. The notice must be of such nature as reasonably to convey the required information ... and it must afford a reasonable time for those interested to make their appearance....
>
> [W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected ... or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950) (citations omitted).

---

(3) by other means not prohibited by international agreement as may be directed by the court.
Fed. R. Civ. P. 4(f)

While the court does not disagree with the general proposition that service may be made upon an entity or person held out to the public as a company's representative or agent for service, the court is not convinced that such is true in this case. Plaintiffs heavily rely on information obtained from business web sites; Bob Weaver's fleeting (if any) business relationship with the defendant, and allegations of some agency relationship between Shangli Jin Xin and Sunsong America, an entity which did not exist at the time plaintiff was injured. The authors of the web sites are unknown, and it is possible for the author of one web site to provide a link to another web site without authorization. Thus, the court hesitates to find that the results of a Google search on the internet, without much more, are sufficient to establish the necessary agency relationship for purposes of service of process.

Plaintiffs, however, have determined the location of Shangli Jin Xin and are, theoretically, able to serve it in accordance with the Hague Service Convention.

## DECISION

I find that plaintiffs' MOTION TO DETERMINE SUFFICIENCY OF PROCESS ON DEFENDANT SHANGLI JIN XIN EXPORT FIREWORKS FACTORY (#44) in that serving the summons and complaint upon Bob Weaver and serving the Amended Complaint on Sunsong America does not constitute service of process on defendant Shangli Jin Xin Export Fireworks Factory.

The plaintiffs have acted diligently and in good faith in trying to determine the exact name and location of Shangli Jin Xin and should be given an extension of time to serve

Shangli Jin Xin. The MOTION FOR EXTENSION OF TIME TO DEMONSTRATE SERVICE ON DEFENDANT SHANGLI JIN XIN EXPORT FIREWORKS FACTORY (#48) will be granted and plaintiffs will be given until and including June 30, 2005 to effect service on Shangli Jin Xin.

**IT IS ORDERED:**

1. Plaintiffs' MOTION TO DETERMINE SUFFICIENCY OF PROCESS ON DEFENDANT SHANGLI JIN XIN EXPORT FIREWORKS FACTORY (#44) is denied in that serving the summons and complaint upon Bob Weaver and serving summons and the Amended Complaint on Sunsong America does not constitute service of process on defendant Shangli Jin Xin Export Fireworks Factory.

2. Plaintiffs' MOTION FOR EXTENSION OF TIME TO DEMONSTRATE SERVICE ON DEFENDANT SHANGLI JIN XIN EXPORT FIREWORKS FACTORY (#48) is granted. Plaintiffs are given until and including **June 30, 2005** to effect service on Shangli Jin Xin.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" on or before **May 23, 2005**. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. **The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.** *See* NECivR 72.2(d).

**DATED May 9, 2005.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**