# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARGARET SHERMAN, and<br>RICHARD SHERMAN, | )<br>)<br>) | |
| Plaintiffs, | ) | 8:04CV300 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SHANGLI JIN XIN EXPORT FIREWORKS<br>FACTORY; SUNSONG AMERICA, INC.;<br>SHIU FUNG FIREWORKS CO. LTD.;<br>WINCO FIREWORKS, INC. and WINCO<br>FIREWORKS, INTERNATIONAL, LLC, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

    This matter is before the magistrate judge for full pretrial supervision. Defendants Shangli Jin Xin Export Fireworks Factory ("Shangli") and Sunsong America, Inc. ("Sunsong") have filed motions to dismiss plaintiffs' claims against them for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (Filings 78 & 80). Plaintiffs, in turn, seek an extension of time to November 4, 2005 to respond to the motions, citing the need to conduct jurisdictional discovery.

    This lawsuit was filed on July 2, 2004; however, discovery could not begin until after the parties' Rule 26(f) meeting on November 30, 2004. Sunsong served its Rule 26(a)(1) initial disclosures on December 15, 2004. The plaintiffs experienced numerous problems in serving Shangli with summons, and Shangli was not required to answer until May 18, 2005. Apparently, Shangli has never served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). On May 20, 2005, plaintiffs served interrogatories and requests for production of documents on Shangli and Sunsong (*see* Filings 63 & 64). Sunsong served its discovery responses on

June 16, 2005, and Shangli served its responses on June 29, 2005. Their Rule 12(b) motions were filed on July 1 and July 6, respectively.

> Courts have recognized that facts which would establish personal jurisdiction over the defendant are often in the exclusive control of the defendant. *See, e.g., Compagnie des Bauxites* [*de Guinee v. L'Union*, 723 F.2d 357, 362 (3d Cir. 1983)]. As such, a plaintiff may be unable, without some discovery, to properly respond to a motion to dismiss pursuant to 12(b)(2), and a court will therefore allow some discovery. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 2389 n.13, 57 L. Ed. 2d 253 (1977) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Fraley v. Chesapeake & Ohio Ry. Co.,* 397 F.2d 1, 3 (3d Cir. 1968) (district court's refusal to permit discovery in aid of personal jurisdiction improper). On the other hand, a court cannot permit discovery as a matter of course simply because a plaintiff has named a particular party as a defendant.

*Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995). Thus, the federal district court, in its discretion, has the power to require a defendant to respond to discovery requests relevant to the defendant's motion to dismiss for lack of personal jurisdiction. *See Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998); *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 713 (8th Cir. 2003). By appearing in this court to assert the lack of personal jurisdiction, the defendants submitted themselves to the jurisdiction and power of the court for the limited purpose of deciding the jurisdictional issue. They also submitted to the procedures of this court, including discovery, for orderly resolution of the jurisdictional issue. The court's decision on the jurisdictional issue will be *res judicata* in future proceedings to enforce a judgment. *See Ellis v. Fortune Seas, LTD*, 175 F.R.D. 308, 311 (S.D. Ind. 1997).

> A plaintiff is entitled to jurisdictional discovery if he or she can show that the factual record is at least ambiguous or unclear on the jurisdiction issue.... This standard is quite low, but a plaintiff's discovery request will nevertheless be denied if it is only based upon "bare," "attenuated," or "unsupported" assertions of personal jurisdiction, or when a plaintiff's claim appears to be "clearly frivolous."

*Andersen v. Sportmart, Inc.*, 179 F.R.D. at 241-42.

Noting the objections filed by Shangli and Sunsong (Filings 82 & 83), and after reviewing the record as a whole and, specifically, the Declarations of Quan Shi and Michael He (Filings 78 & 80) filed in support of the pending Rule 12(b) motions, I find that the plaintiffs should be given some opportunity to conduct jurisdictional discovery. The plaintiffs will be given an extension of time to September 30, 2005 to respond to the Rule 12(b)(2) motions filed by Sunsong and Shangli.

**IT IS ORDERED** that plaintiffs' MOTION FOR LEAVE TO EXTEND DEADLINES FOR RESPONDING TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY (#81) is granted in part, as follows:

1. Plaintiffs are given until **Friday, September 30, 2005** to respond to the motions of Shangli Jin Xin Export Fireworks Factory and Sunsong America, Inc. for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) (Filings 78 & 80).

2. Plaintiffs may conduct jurisdictional discovery directed to the factual issues raised in defendants' motions for dismissal.

**DATED July 20, 2005.**

              **BY THE COURT:**

              **s/ F.A. Gossett**
              **United States Magistrate Judge**