IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARGARET SHERMAN, and RICHARD SHERMAN, | ) ) ) | |
| Plaintiffs, | ) ) | 8:04CV300 |
| vs. | ) ) ) | ORDER |
| SHANGLI JIN XIN EXPORT FIREWORKS FACTORY; SUNSONG AMERICA, INC.; SHIU FUNG FIREWORKS CO. LTD.; WINCO FIREWORKS, INC. and WINCO FIREWORKS, INTERNATIONAL, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

On September 2, 2005, plaintiffs noticed the depositions pursuant to Fed. R. Civ. P. 30(b)(6) of defendants Sunsong America, Inc. ("Sunsong America") and Shangli Jin Xin Export Fireworks Factory, Inc. ("Shangli Jin Xin") (*see* Filings 94 & 95). Plaintiffs have also served requests on Sunsong America and Shangli Jin Xin for the production of "all tax returns prepared by you or on your behalf." Thus, the following discovery motions are now pending before the undersigned:

*Filing 97* – a motion for protective order filed by Sunsong America, prohibiting the plaintiffs from taking its deposition; or, in the alternative, prohibiting plaintiffs from depositing Sunsong at a location other than its place of business (Toronto, Ontario, Canada); or, in the alternative, requiring plaintiff to advance all reasonable expenses needed for Sunsong's representative and counsel to appear for deposition in Omaha, Nebraska. Sunsong America further requests that the plaintiffs be prohibited from obtaining copies of its tax returns.

*Filing 99* – Plaintiffs' responsive motion for leave to conduct telephonic depositions of Sunsong America and Shangli Jin Xin.

*Filing 103* – a motion for protective order filed by Shangli Jin Xin prohibiting the plaintiffs from taking its deposition or, in the alternative, prohibiting plaintiffs from depositing Shangli Jin Xin at a location other than its "residence" (apparently, Shangli Jin Xin's representative is located in Hong Kong). Shangli Jin Xin also requests that the plaintiffs be prohibited from obtaining copies of its tax returns.

The movants have complied with NECivR 7.1(i). The defendants refuse to consent to the proposed telephonic depositions and will not stipulate to a confidentiality order as to the requested production of their tax returns.

Plaintiffs' responses to the motions for protective order (Filings 100, 101 & 104), while persuasive on the issue of telephonic depositions, do not address the defendants' objections to plaintiffs' unquestionably overbroad requests for "all tax returns prepared by you or on your behalf." Nor have plaintiffs satisfactorily responded to the defendants' objections based on the relevance of defendants' tax returns. Having carefully reviewed the materials submitted by the parties,

**IT IS ORDERED:**

1. Plaintiffs' motion for leave to conduct telephonic depositions of Sunsong America and Shangli Jin Xin (Filing 99) is granted. The court may impose monetary or other sanctions against any party who fails or refuses to participate in a properly-noticed telephonic deposition.

2. Sunsong America's motion for protective order (#97) is granted in part, and denied in part. Plaintiffs may conduct a telephonic deposition of Sunsong America, Inc. pursuant to Fed. R. Civ. P. 30(b)(6). The motion for protective order is granted as to plaintiffs' request for all tax returns prepared by Sunsong America or on behalf of Sunsong America.

3. Shangli Jin Xin's motion for protective order (#103) is granted in part, and denied in part. Plaintiffs may conduct a telephonic deposition of Shangli Jin Xin Export Fireworks Factory, Inc. pursuant to Fed. R. Civ. P. 30(b)(6). The motion for protective order is granted as to plaintiffs' request for all tax returns prepared by Shangli Jin Xin or on behalf of Shangli Jin Xin.

**DATED September 22, 2005.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett**
> **United States Magistrate Judge**