### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARGARET SHERMAN, et al.,     ) | |
|     ) | |
| **Plaintiffs,**     ) | |
|     ) | **8:04CV300** |
| vs.     ) | |
|     ) | **ORDER** |
| **SUNSONG AMERICA, et al.,**     ) | |
|     ) | |
| **Defendants.**     ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 on plaintiff's Motion for Reconsideration[1] (Filing 111) of the court's September 22, 2005 order (Filing 108). The September 22 order granted plaintiffs' motion for leave to depose Sunsong America, Inc. and Shangli Jin Xin Export Fireworks Factory, Inc. by telephone, but granted the motions of Sunsong America and Shangli Jin Xin for protective order as to plaintiffs' request that they produce "all tax returns prepared by you or on your behalf."

Having considered defendants' responses and objections (Filings 115, 116, 117 & 118), I find that the motion for reconsideration should be granted.

The plaintiffs were previously given leave to conduct jurisdictional discovery and, in this motion, seek permission to serve an amended request upon Sunsong America and Shangli Jin Xin for

> All tax returns prepared by You or on Your behalf, for the calendar years from 1998 to the present, which indicate, evidence, and/or refer to any income, loss, sales, or business activities by You within the United States or through Your contact with persons located in the United States.

Defendants absolutely refused to agree to this request and, through counsel, represented that they would request sanctions for plaintiffs' "sharp litigation practices" if plaintiffs served the amended request. For this reason, I find that the plaintiffs have demonstrated "a showing of new facts" which could not have been brought to the court's attention earlier. *See* NECivR 60.1(c).

---

[1] NECivR 60.1 allows parties to file motions for reconsideration of an order no later than ten (10) days after the court files the order. Plaintiffs' motion was timely filed on October 3, 2005.

Upon reconsideration, the court finds that the document request, as amended, is not overbroad and is relevant to the defendants' contentions that this court lacks personal jurisdiction over them.

Turning to the defendants' responsive objections, the court adheres to its earlier ruling that the plaintiffs should be allowed to conduct telephonic depositions of Sunsong America and Shangli Jin Xin.

**IT IS ORDERED** that defendants' objections (Filings 115, 116, 117 & 118) are denied and plaintiffs' Motion for Reconsideration (Filing 111) is granted, as follows:

1. Plaintiffs are given leave to serve their amended request for production of documents upon Shangli Jin Xin Export Fireworks Factory, Inc. and Sunsong America, Inc.

2. The court adheres to its earlier ruling that the plaintiffs should be allowed to conduct telephonic depositions pursuant to Fed. R. Civ. P. 30(b)(6) of Shangli Jin Xin Export Fireworks Factory, Inc. and Sunsong America, Inc. The court may impose monetary or other sanctions against any party who fails or refuses to participate in a properly-noticed telephonic deposition.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. **The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.** *See* NECivR 72.2(d).

**DATED October 6, 2005.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**