IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARGARET SHERMAN, RICHARD SHERMAN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SHANGLI JIN XIN EXPORT ) <br> FIREWORKS FACTORY; SUNSONG ) <br> AMERICA, INC.; SHIU FUNG ) <br> FIREWORKS CO. LTD.; WINCO ) <br> FIREWORKS, INC.; WINCO ) <br> FIREWORKS INTERNATIONAL, LLC; ) <br> ) <br> Defendants. ) | CASE NO. 8:04CV300 <br><br> MEMORANDUM <br> AND ORDER |

This matter is before the Court on Defendants Sunsong America, Inc.'s and Shangli Jin Xin Export Fireworks Factory, Inc.'s Motions to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(2) based on the Court's alleged lack of personal jurisdiction over the Defendants. (Filing Nos. 78 and 80-1). The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The matter has been fully briefed, and the Court has considered the evidence submitted.[1]

**Standard**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must state sufficient facts in the complaint to support a reasonable inference" that the defendants can be subjected to jurisdiction within the state. If jurisdiction is controverted, the plaintiff has the burden of proving the jurisdictional facts. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259-60

---

[1] The Court grants Plaintiff's Motion for Leave to File a Sur-reply Brief (Filing No. 135), and the Court has considered this brief.

(8th Cir. 1974)). The plaintiff's showing must be tested by affidavits and exhibits presented in support and in opposition to the motion. *Id.*

### Background

Plaintiffs Margaret and Richard Sherman are residents of Omaha, Nebraska. (Filing No. 140, hereafter "Second Amended Complaint" ¶ 3).[2] On July 3, 2002, Margaret Sherman ("Mrs. Sherman") was injured while observing fireworks in her daughter's backyard. (*Id.* ¶ 10). Mrs. Sherman alleges a rocket labeled Saturn Missile with Crackers ("the Rocket") flew directly into her right eye when the fuse of the Rocket was lit. (*Id.*). Mrs. Sherman suffered immediate injuries to her eye and eventually lost the eye. (*Id.*). The Second Amended Complaint alleges the following injuries: "(a) surgical corneoscleral rupture and uveal prolapse repair; (b) permanent loss of the eye by enucleation surgery, and replacement with a prosthetic Porex orbital implant device; (c) patch graft of the right orbit with exchange of orbital implant device; (d) decreased visual acuity with implant device in place; and (e) deep pain in the eye socket." (*Id.* ¶ 11).

The Second Amended Complaint names Shangli Jin Xin Export Fireworks Factory ("Shangli"), Sunsong America, Inc. ("Sunsong America"), Shiu Fung Fireworks Co. Ltd. ("Shiu Fung"), Winco Fireworks, Inc. ("Winco"), Winco Fireworks International, LLC ("Winco Int'l"), and William Lu, individually and d/b/a China Sunsong Fireworks Manufacturing Company, Ltd. ("China Sunsong"), as Defendants. Defendant Shangli is a corporation

---

[2]The Court recognizes that the Plaintiffs were granted leave to file a Second Amended Complaint after the parties filed their briefs supporting and opposing dismissal. (Filing No. 139). The sole difference between the Amended Complaint (Filing No. 36) and the Second Amended Complaint (Filing No. 140) is the addition of Defendant William Lu d/b/a China Sunsong. The Court will therefore consider Defendants Sunsong America's and Shangli's Motions to Dismiss in reference to the Second Amended Complaint.

2

organized under the laws of the People's Republic of China. (Filing No. 80-2, hereafter "He Decl." ¶ 1). Defendant Sunsong is a company with its principal place of business in Toronto, Ontario, Canada. (Second Amended Complaint ¶ 4; Filing No. 78-2 ("Shi Decl") ¶ 1). Defendant Shiu Fung is a company with its principal place of business in Kowloon, Hong Kong. (Second Amended Complaint ¶ 5; Filing No. 146, hereafter "Shiu Fung Answer" ¶ 5). Defendants Winco and Winco Int'l are related entities. (Second Amended Complaint ¶ 6, Filing No. 145, hereafter "Winco Answer" ¶ 2). The Second Amended Complaint alleges Defendant William Lu conducts business as an individual and as China Sunsong and has his principal place of business in Jinshan, Pingxiang, China. (Second Amended Complaint ¶ 7).

The Second Amended Complaint alleges the above Defendants "are in the business of and/or hold themselves out as in the business of designing, manufacturing, testing, assembling, packaging, labeling, exporting and selling and/or distributing fireworks including [the Rocket], to the general public, including certain fireworks stands in Missouri, for use in various locations including Omaha...." (Second Amended Complaint ¶ 9). The Second Amended Complaint seeks recovery under the following theories: (1) strict liability in tort; (2) negligent failure to use reasonable care to see that goods are safe for intended use; (3) negligent failure to warn; (4) breach of implied warranty for a particular purpose; (5) breach of implied warranty of merchantability; (6) Magnuson Moss Act; (7) breach of warranty; (8) loss of consortium; and (9) punitive or exemplary damages. (*Id.* ¶¶ 12-53).

Defendants Sunsong America and Shangli each moved for dismissal pursuant to Fed. R. Civ. Pro. 12(b)(2) based on the Court's alleged lack of personal jurisdiction. (Filing Nos. 78-1 and 80-1). Sunsong America, a Canadian corporation, alleges that it was not

in existence on the date of Mrs. Sherman's injury and that it has no contact with the forum state. (Filing No. 78-2 ("Shi Decl.") ¶¶ 2,3; Filing No. 78-4 ("Sunsong America Support Brief") at 2-3). Sunsong America's original name was Superstar Pyrotechnics, Inc.; however, the name was changed to Sunsong America, Inc. on May 8, 2003. (Filing No. 78-2, Exs. A, B). Sunsong America claims it is not and has never been authorized to do business in Nebraska; has never sold fireworks in Nebraska or to Nebraska citizens, owns no property in Nebraska; maintains no office, employees, bank account, telephone listing, or agent in Nebraska; does not advertise in Nebraska; and does not derive income from Nebraska. (Sunsong America Support Brief at 2-3).

Defendant Shangli, a Chinese corporation, also alleges it has no contacts with Nebraska. (Filing No. 80-2 ("He Decl.") ¶ 2). Shangli claims it is not authorized to do business in Nebraska; does not maintain an agent, office, or bank account in Nebraska; has not entered into contracts with Nebraska residents; has not employed any residents of Nebraska; and does not own any property in Nebraska. (He Decl. ¶ 2). Shangli alleges it has not sold fireworks to any Nebraska residents or to the United States in general and that it has never sold fireworks to Winco or Winco Int'l. (*Id.* ¶ 3).

The Shermans oppose Shangli's and Sunsong America's 12(b)(2) motions, alleging Shangli "has established a distribution network for the purpose of allowing its products to be distributed outside of China and into the United States," and Sunsong America "has participated in the distribution of [Shangli's] fireworks products in the Midwest and Nebraska and has aided in the creation of the distribution network for same." (Filing No. 130 ("Opposition Brief") at 12).

Plaintiffs claim that an investigator in China determined Shangli and China Sunsong are the same entity, and Shangli is the proper name for the company doing business as China Sunsong. (Filing No. 131-4 ("LaForge Aff."); Opposition Brief at 4). However, Shangli denies there is a connection between Shangli and China Sunsong, and Mr. He, assistant to the manager of Shangli, stated he has never heard of China Sunsong. (Filing No. 131-7 ("He Depo. II") 36:17-20). Shangli further claims it does not have a relationship with Defendant Sunsong America. (*Id.* 11:15-19). Mr. Shi, president of Sunsong America, acknowledges that Sunsong America is a North American agent for the company China Sunsong. (Filing No. 131-5 ("Shi Aff.") ¶ 8). Plaintiffs claim that because China Sunsong is the same entity as Shangli, Shangli does have a relationship with Sunsong America. (Opposition Brief at 5).

## Discussion

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. *Digi-tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). Further, this Court must view the evidence in the light most favorable to the Plaintiff and must resolve all factual conflicts in its favor. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1387 (8th Cir. 1991).

In determining whether this Court has personal jurisdiction over a nonresident defendant, two issues are presented: (1) whether the requirements of the Nebraska long-arm statute are satisfied and (2) whether the exercise of jurisdiction over this Defendant will violate the Due Process Clause of the Fourteenth Amendment. *Minnesota Mining &*

*Mfg. Co. v. Nippon Carbide Indus. Co., Inc.*, 63 F.3d 694, 696-97 (8th Cir. 1995), *cert. denied*, 516 U.S. 1184 (1996).  Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536,[3] has been interpreted to extend jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process Clause of the United States Constitution.  *Wagner v. Unicord Corp.*, 247 Neb. 217, 221, 526 N.W.2d 74, 77 (1995).  Thus, constitutional limits will dictate whether jurisdiction over the defendants is proper.

In order to exercise personal jurisdiction over a nonresident defendant, due process requires that such defendant have "minimum contacts" with the forum state such that maintenance of a suit against that defendant does not offend "'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  The nonresident defendant's conduct and connection with the forum state must be such that "he should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), and it is essential that "'there be some act by which the defendant

---

[3]Neb. Rev. Stat. § 25-536 provides:

A court may exercise personal jurisdiction over a person:
    (1) Who acts directly or by an agent, as to a cause of action arising from the person:
        (a) Transacting any business in this state;
        (b) Contracting to supply services or things in this state;
        (c) Causing tortious injury by an act or omission in this state;
        (d) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
        (e) Having an interest in, using, or possessing real property in this state; or
        (f) Contracting to insure any person, property, or risk located within this state at the time of contracting; or
    (2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.
Neb. Rev. Stat. § 25-536.

purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "Purposeful availment" means that the defendant's contacts with the forum state must not be random, fortuitous, attenuated, or the result of unilateral activity of a third person or another party. *Id.* A defendant's minimum contacts with the forum state must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558 (8th Cir. 2003) (citing *Clune v. Alimak AB*, 233 F.3d 538, 544 n.8 (8th Cir.2000)).

Once it has been determined that the nonresident defendant purposefully established minimum contacts with the forum state, such contacts must be analyzed in light of other factors to determine whether the exercise of personal jurisdiction over the nonresident defendant comports with "fair play and substantial justice." *Id.* at 476. The factors, as articulated by the Eighth Circuit Court of Appeals, are: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). The fourth and fifth factors are of secondary importance and not determinative. *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983). In applying these factors, the central inquiry is the "'relationship among the defendant, the forum, and the litigation.'" *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

**Defendant Shangli**

Shangli Jin Xin Export Fireworks Factory ("Shangli") claims it has no contacts with the state of Nebraska. (He Decl. ¶ 2). Shangli is a corporation organized under the laws of the People's Republic of China. (Filing No. 131-6 ("He Depo.") 28:3-5). Shangli manufactures fireworks in China, but it does not export fireworks because it lacks the required export permit. (He Depo. 30:17-22; Filing No. 131-7 ("He Depo. II") 9:5-6[4]). Jiang Xi Province Machinery Equipment Import and Export Corp. ("Jiang Xi") exports fireworks for Shangli. (He Depo. 30:23 - 31:10). Jiang Xi sells its products to Sunsong International HK Company, Ltd. ("Sunsong Int'l"). (*Id.* 33:1-7). Shangli claims it does not know whether Sunsong Int'l sells it products to the United States or the United Kingdom (*Id.* 33:17 - 34:17); has no record of whether any of its products have been sold anywhere in the United States (*Id.* 35:2-5); and has never made a direct sale to the United States. (He Depo II 8:17-20). Shangli does not have a catalog of its products. (*Id.* 4:14-16).

In *Falkirk Mining Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369 (8th Cir. 1990), the Eighth Circuit determined "placement of a product into the stream of commerce, without more, does not constitute an act of the defendant purposefully directed toward the forum state." *Falkirk*, 906 F. 2d at 376 (citing *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987)). Therefore, Plaintiffs must demonstrate that Shangli purposefully directed its activities to Nebraska in addition to placing the firework at issue into the stream of commerce.

---

[4]Page references are to the CM/ECF document, not internal pagination.

8

Plaintiffs cite *Barone v. Rich Bros. Interstate Display Fireworks Co.,* 25 F.3d 610 (8th Cir. 1994). In *Barone,* the Eighth Circuit found that personal jurisdiction over Hosoya, a Japanese fireworks manufacturer, was consistent with due process requirements. In *Barone,* a country club employee sued Hosoya after he was injured while setting up a fireworks display. *Barone,* 25 F.3d at 610-11. The employee was injured in Omaha, Nebraska, and the firework was purchased from a South Dakota fireworks distributor. *Id.* Hosoya moved to dismiss for lack of personal jurisdiction, claiming it did not advertise in Nebraska or sell fireworks directly to Nebraska. *Id.* at 611. Hosoya sold fireworks to the United States, utilizing nine distributers in six states, including South Dakota. *Id.*

One of Hosoya's distributers was Rich Bros. Interstate Display Fireworks Co. ("Rich Bros."). Rich Bros. sold the fireworks it acquired from Hosoya to surrounding states, including Nebraska, through six regional salesman. *Id.* The Eighth Circuit noted that Hosoya had strategically positioned itself as the head of a distribution chain calculated to reach the entire Midwest and other regions of the country. The Eighth Circuit determined that Hosoya could not on the one hand benefit from Rich Bros.' distribution chain, and on the other hand plead ignorance of Rich Bros.' sale of fireworks to Nebraska. *Id.* at 613-14. Therefore, the Eighth Circuit determined Nebraska could subject Hosoya to jurisdiction without offending due process. *Id.* at 615.

Based on the evidence before the Court, Shangli manufactures fireworks and sells them to Jiang Xi, a fireworks exporter. (He Depo. 33:1-7). However, there is no evidence before the Court demonstrating Shangli has established a calculated distribution chain throughout the United States similar to the distribution chain in *Barone.* On the contrary,

9

Mr. He of Shangli testified that Shangli only sells its fireworks to Jiang Xi and is unaware of whether these products are then distributed in the United States or the United Kingdom. (He Depo. 33:17 - 34:17).[5] There is no evidence before the Court regarding how or where Jiang Xi and Sunsong Int'l distribute Shangli's product, and there is no evidence demonstrating Shangli is aware of Jiang Xi's or Sunsong Int'l's distribution chains. There is no evidence indicating that Shangli did anything more than place its products in the international stream of commerce.

However, Plaintiffs allege that Shangli is the same entity as China Sunsong. (Filing 131-4). For purposes of this motion, the Court must view the evidence in the light most favorable to the Plaintiffs and must resolve all factual conflicts in their favor. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1387 (8th Cir. 1991). Therefore, for purposes of this motion, the court will accept the Plaintiffs' contention that Shangli and China Sunsong ("Shangli/Sunsong") are the same entity and evaluate the minimum contacts accordingly.

Plaintiffs allege that the firework that injured Mrs. Sherman was a Saturn Missile that is identical to the Saturn Missile depicted on China Sunsong's website and China Sunsong's product catalog. (Second Amended Complaint ¶ 8; Opposition Brief at 2). Plaintiffs allege that in addition to Shangli's use of fireworks exporter, Jiang Xi, Shangli/Sunsong "also pours its products into the United States with the assistance of Sunsong America, Inc." (Opposition Brief at 5). Mr. Shi, president of Sunsong America,

---

[5]In an earlier answer to an interrogatory, Shangli stated Sunsong Int'l "should send the goods to the United States." (He Depo. 33:17-23). Mr. He explained that the correct answer to the question was that Shangli did not know whether Sunsong Int'l sends the goods it purchases from Shangli to the United States or the United Kingdom. Mr. He claims the earlier answer was inaccurate due to language barriers. (*Id.* 33:17 - 34:17).

acknowledges that Sunsong America is a North American agent for the company China Sunsong. (Filing No. 131-5 ("Shi Aff.") ¶ 8). Mr. Shi states that it is more convenient for North American customers to contact Sunsong America than China Sunsong due to language and time zone barriers. (*Id.*). Sunsong America has sold fireworks to approximately ten customers throughout various regions of the United States, including two in Iowa and one in South Dakota. (Filing No. 131-18 ("Shi Depo.") 35:14 - 36:6).

The present case is similar to *Barone* and other Eighth Circuit cases cited by the Plaintiffs. *See Clune v. Alimak AB*, 233 F.3d 538 (8th Cir. 2000) *and Vandelune v. 4B Elevator Components Unlimited*, 148 F.3d 943 (8th Cir. 1998). In *Barone, Clune,* and *Vandelune,* the foreign manufacturers utilized distributors or had business relationship with distributors located in the United States, and the Eighth Circuit determined these foreign manufacturers could not reap the benefits of a distribution scheme, yet "plead ignorance that its products were being distributed into neighboring states." *Clune*, 233 F.3d at 543. Here, Shangli/Sunsong listed Sunsong America, a Canadian corporation, as a North American agent on the Shangli/Sunsong website, and Sunsong America acknowledges it is an agent of China Sunsong. Sunsong America has ordered fireworks from China Sunsong, and Sunsong America's orders are then shipped directly to the United States, rather than Canada. (Shi Depo. 30:16-18, 40:12-22). Plaintiffs claim that one of Sunsong America's customers, Night Visions, is located in Glenwood, Iowa, which is a few miles from the Nebraska border, has a Nebraska area code, and is licensed to distribute fireworks in Nebraska. (Opposition Brief at 6).

Viewing the facts in the light most favorable to the Plaintiffs, the Court finds Shangli (or Shangli/Sunsong) has the requisite minimum contacts with Nebraska for the Court to exercise jurisdiction over Shangli. Shangli "has reaped the benefits of its network of distributors, and its only reasonable and just that it should now be held accountable in the forum of the [Plaintiffs'] choice. *Barone*, 25 F.3d at 615.

### **Defendant Sunsong America**

In support of its motion to dismiss, Sunsong America argues: 1) Sunsong America did not exist at the time Mrs. Sherman was injured and 2) Sunsong America has no contact with the forum state. (Shi Decl. ¶¶ 2,3). Whether Sunsong America existed at the time of Mrs. Sherman's injury is not relevant to the issue of whether the Court may exercise personal jurisdiction over Sunsong America. A defendant's minimum contacts with the forum state must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558 (8th Cir. 2003) (citing *Clune v. Alimak AB*, 233 F.3d 538, 544 n.8 (8th Cir. 2000)). Therefore, the Court will focus on whether Sunsong America has the requisite minimum contacts with the state of Nebraska and whether the exercise of personal jurisdiction over the nonresident defendant comports with "fair play and substantial justice."

Sunsong America is a corporation organized under the laws of Canada. (Shi Decl. ¶ 1). Quan Shi is the president of Sunsong America. (*Id.*). Sunsong America has sold fireworks to approximately ten customers, including two in Iowa and one in South Dakota. (Shi Depo. 35:14 - 36:6). Sunsong America also has sold fireworks to customers in

Pennsylvania, Florida, Utah, and possibly New Hampshire. (*Id.*). Sunsong America's customers place orders with Sunsong America, and Sunsong America orders the fireworks from China. (Shi Depo. 40:12-22). Sunsong America has ordered fireworks from China Sunsong. (*Id.* 30:16-18). The orders are then shipped directly to the United States, rather than Canada. (*Id.* 40:12-22). Sunsong America has advertised in the United States by handing out pamphlets at shows and by sending name cards through the mail. (*Id.* 37:15 - 38:-20). Mr. Shi said he does not know whether any of the fireworks he has sold have been transported to Nebraska, and he said he did not know that Iowa, South Dakota and Missouri border the state of Nebraska. (*Id.* 36:13 - 37:4). Plaintiffs claim that one of Sunsong America's customers, Night Visions, is located in Glenwood, Iowa, which is a few miles from the Nebraska border, has a Nebraska area code, and is licensed to distribute fireworks in Nebraska. (Opposition Brief at 6).

Similar to Shangli, Sunsong America does not have any direct contact with Nebraska, however, it "has reaped the benefits of its networks of distributors." *Barone,* 25 F.3d at 615. Sunsong America cannot avoid personal jurisdiction in Nebraska by simply pleading ignorance that its regional customers are located in states neighboring Nebraska and one of its distributors is allegedly licensed to sell fireworks in Nebraska. Defendant Sunsong America's motion to dismiss for lack of personal jurisdiction is therefore denied.

IT IS ORDERED:

1. Plaintiffs' Motion for Leave to File a Sur-Reply Brief (Filing No. 135) is granted;

2. Defendant Sunsong America Inc.'s Motion to Dismiss (Filing No. 78-1) is denied, and

3. Defendant Shangli Jin Xin Export Fireworks Factory, Inc.'s Motion to Dismiss (Filing No. 80-1) is denied.

Dated this 3rd day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge