IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARGARET SHERMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 8:04CV300 |
| vs. ) | |
| ) | ORDER |
| SHANGLI JIN XIN EXPORT FIREWORKS ) | |
| FACTORY, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion of Donald E. Creador for leave to withdraw as counsel for Sunsong America, Inc. ("Sunsong") (Filing 156).

Mr. Creador has shown good cause for withdrawing as counsel for Sunsong and has complied with the service requirements set out in my Order filed on May 18, 2006 (*see* Filings 157 & 158). Thus, Sunsong has been advised that it would be held in default unless substitute counsel entered a written appearance on or before June 15, 2006. The court has not received a response in opposition to the motion to withdraw and substitute counsel has not timely entered an appearance on behalf of Sunsong.

"The law does not allow a corporation to proceed pro se." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Under Fed. R. Civ. P. 55(a), the court may hold a party in default for failure to defend the action. Under *Ackra Direct*, 86 F.3d at 857, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.

**IT IS ORDERED:**

1. The Motion to Withdraw [156] is granted, and Donald E. Creador is hereby given leave to withdraw as counsel for Sunsong America, Inc.

2. Pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 55(a), the Answers filed by Sunsong America, Inc. (Filings [23], [41] and [148] ) are hereby stricken, and the Clerk shall enter default as to defendant, Sunsong America, Inc.

3. Pursuant to Fed. R. Civ. P. 55(b)(2), plaintiffs may file a Motion for Default Judgment against Sunsong America, Inc.

**DATED June 16, 2006.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**