## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARGARET SHERMAN, and ) <br> RICHARD SHERMAN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SUNSONG AMERICA, Inc., SHIU ) <br> FUNG FIREWORKS, Co., LTD., ) <br> WINCO FIREWORKS, Inc., WINCO ) <br> FIREWORKS INTERNATIONAL, LLC., ) <br> SHANGLI JIN XIN EXPORT ) <br> FIREWORKS FACTORY, and ) <br> WILLIAM LU, ) <br> ) <br> Defendants. ) | CASE NO. 8:04CV300 <br><br><br> MEMORANDUM <br> AND ORDER |

This matter is before the Court on the Joint Motion in Limine (Filing No. 252),[1] to exclude the expert testimony of two of the Plaintiffs' expert witnesses, Dr. Kenneth Kosanke and Dr. Christine Wood. The parties have fully briefed the issues presented, and submitted indices of evidence to support their positions. An evidentiary hearing was not affirmatively requested.[2] Considering the proximity of the trial, I have stated that I will rule on the admissibility of each expert's testimony independently. This Memorandum and Order addresses only Dr. Wood. For the reasons stated below, I will grant Winco and Shiu Fung's motion with regard to Dr. Wood.

---

[1] This Court has already ruled on this motion as it pertained to Dr. Kosanke. (Filing No. 314). I note that there is another motion in limine regarding Dr. Wood (Filing No. 315), which seeks to exclude her supplemental expert disclosure. The Defendants have filed a brief in support of that motion (Filing No. 316), and the Plaintiffs' response time has not run. Although my ruling in this Memorandum and Order resolves only the motion in limine with respect to the original expert disclosure (the subject of Filing No. 252), and I reserve judgment on Filing No. 315 until the Plaintiffs have had time to respond, I do note that, at present, I do not anticipate that my findings concerning the original expert disclosure and the supplemental expert disclosure would differ.

[2] The Plaintiffs' request for the opportunity to participate in an evidentiary hearing in the event this Court has substantive concerns about the expert testimony is denied.

### *Daubert* Standard

In light of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), this Court must screen proffered expert testimony for relevance and reliability. *Blue Dane Simmental Corp. v. Am. Simmental Ass'n*, 178 F.3d 1035, 1040 (8th Cir. 1999). A reliable opinion must be based on scientific methodology rather than on subjective belief or unsupported speculation. *See Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1208 (8th Cir. 2000). Furthermore, the expert's information or opinion must "assist" the trier of fact to understand or determine a fact in issue. Fed. R. Evid. 702.

In assessing reliability, the Court should consider factors including whether the proposed expert's theory, methodology, or technique: (1) can be and has been tested; (2) has been subjected to peer review; (3) has a known or potential rate of error; (4) is generally accepted by the relevant community; (5) ruled out alternative explanations; and (6) sufficiently connected the proposed testimony with the facts of the case. *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 687 (8th Cir. 2001); *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1082 (8th Cir. 1999). This list of factors is not exclusive, and this Court is allowed "great flexibility" in its analysis. *Id.* The Supreme Court has held that *Daubert* applies to all expert testimony, not only scientific expert testimony. *Kumho Tire*, 526 U.S. at 141.

### Facts

Margaret Sherman and Richard Sherman (collectively referred to as the "Plaintiffs") have filed suit with this Court, originally bringing nine separate causes of action against, among other defendants, Shangli Jin Xin Export Fireworks Factory ("Shangli"); Winco

Fireworks, Inc. and Winco Fireworks International, LLC (collectively referred to as "Winco"); and Shiu Fung Fireworks Co. Ltd. ("Shiu Fung"). (Filing No. 140).

On February 28, 2007, this Court ruled on the Defendants Winco and Shiu Fung's motion for summary judgment (Filing No. 204) and the Defendant Shangli's motion for summary judgment (Filing No. 223). Pursuant to the Court's Memorandum and Order (Filing No. 311), the four causes of action from the Plaintiffs' Second Amended Complaint that remain for trial are:

(1)   Negligent Failure to Use Reasonable Care to See that Goods are Safe for Intended Use;

(2)   Negligent Failure to Warn;

(3)   Breach of Implied Warranty of Merchantability; and

(4)   Loss of Consortium.

The Plaintiffs allege that on July 3, 2002, while they were watching a fireworks display in the backyard of Mrs. Sherman's daughter, one of the fireworks (the "Product") malfunctioned and flew directly into Mrs. Sherman's eye, causing permanent damage. (Filing No. 140).

## Discussion

Winco and Shiu Fung argue that Dr. Wood's opinions are unreliable under *Daubert* and Federal Rule of Evidence 702, based on insufficient facts and data, and will not assist the trier of fact. In this regard, Winco and Shiu Fung ask this Court to prohibit the Plaintiffs from offering into evidence the expert report of Dr. Wood, and to prohibit the Plaintiffs from introducing any statements, references, or inferences or asking any questions or presenting any evidence or information contained in her report. (Filing No. 252, pp. 1–2).

Dr. Wood's disclosure contains the following opinions:

> The warning of the Saturn Missile firework was inadequate because it did not identify the relevant hazard. The warning did not indicate that the Saturn Missile might travel sideways rather than upward. Thus, the manufacturer, distributors, and suppliers of the Saturn Missile firework failed to provide foreseeable users of the firework with adequate warning of the dangers associated with its use.
>
> The warning label on the Saturn Missile firework was also inadequate because it did not include any indication of how to avoid the hazard of having the Saturn Missile travel sideways.
>
> The Saturn Missile firework was unreasonably dangerous because it created a risk of harm beyond that which an ordinary foreseeable user would have contemplated after reading the warning label. The hazard would not have been readily recognizable by the ordinary user of the firework, nor did the warning label advise the user or spectator of how to avoid the risk.
>
> A product's instructions should provide information about how to properly and safely use the product so that if the instructions are followed, the product is safe to use. The instructions on the Saturn Missile firework were inadequate in this regard. Despite the fact that users and spectators of the Saturn Missile firework in this case followed the instructions and warnings on the Saturn Missile's warning label, the incident still occurred. Thus, the warning did not provide users and bystanders with sufficient information so as to allow them to act to avoid injury.

(Filing No. 255, att. 1 p. 4).[3]

---

[3] Dr. Wood has supplemented her expert disclosure, opining that four of the components that must be included on Saturn Missile-type fireworks pursuant to federal regulations were missing from the Product's label. Those are (i) an affirmative statement of the principal hazard or hazards; (ii) statements of precautionary measures for users and spectators to follow; (iii) that which is set forth in 16 C.F.R. § 1500.14 (b)(7)(xiv); and (iv) the name and place of business of the manufacturer, packer, distributor, or seller of the product. Dr. Wood further states:

> The [Consumer Product Safety Commission ("CPSC")] data reveal a consistent pattern of hazards and injuries caused by "rockets" (a category of fireworks that includes the Saturn Missile). More specifically, the CPSC reports reveal that a significant number of injuries, including those caused by rockets (such as Saturn Missiles), are caused each year by errant flight paths. Errant flight paths have routinely resulted in serious injuries,

In the Memorandum and Order on summary judgment, I ruled that "[t]he Plaintiffs may seek to prosecute their state-law failure to warn tort claim according to state standards that are identical to the federal standards." (Filing No. 311, pp. 18–19).[4] In other words,

---

> including eye injuries.
>
> The Saturn Missile's warning label at issue in this case does not contain any statement that would give a reasonable person sufficient notice that the product might have an errant flight path or otherwise travel erratically, despite the fact that those are principal hazards of the product, and thus does not comply with the requirements of 15 U.S.C. § 1261 (p)(1) . . . .
>
> [T]he warning did not provide users or spectators sufficient information regarding the precautionary measures that must be taken to allow them to act to avoid injury.
>
> In addition, the [Federal Hazardous Substances Act] requires that the manufacturer's name be placed on the Saturn Missile's label. The Saturn Missile at issue in this case did not comply with that requirement . . . .

(Filing No. 305, Ex. A pp. 6–7). However, as previously stated, I will reserve judgment concerning the supplemental expert report until the Plaintiffs have had sufficient time to respond.

[4] 15 U.S.C. § 1261 (p) states in part:

> The term "misbranded hazardous substance" means a hazardous substance . . . if such substance . . . fails to bear a label (1) which states conspicuously (A) the name and place of business of the manufacturer, packer, distributor or seller; (B) the common or usual name or the chemical name (if there be no common or usual name) of the hazardous substance or of each component which contributes substantially to its hazard, unless the Commission by regulation permits or requires the use of a recognized generic name; (C) the signal word "DANGER" on substances which are extremely flammable, corrosive, or highly toxic; (D) the signal word "WARNING" or "CAUTION" on all other hazardous substances; (E) an affirmative statement of the principal hazard or hazards, such as "Flammable," "Combustible," "Vapor Harmful," "Causes Burns," "Absorbed Through Skin," or similar wording descriptive of the hazard; (F) precautionary measures describing the action to be followed or avoided, except when modified by regulation of the Commission pursuant to section 1262 of this title; (G) instruction, when necessary or appropriate, for first-aid treatment; (H) the word 'poison' for any hazardous substance which is defined as "highly toxic" by subsection (h) of this section; (i) instructions for handling and storage of packages which require special care in handling or storage; and (J) the statement (i) 'Keep out of the reach of children' or its

5

the federal regulations set out what warnings are required, and Dr. Wood cannot testify to a standard of care that requires more than the federal regulations. Similarly, any testimony concerning the development of warning labels is irrelevant to this case—the warnings the Product's label was required to include have already been developed and stated in the federal regulations.

Finally, considering Dr. Wood's original expert disclosure, and its relation to the Product's alleged warning deficiencies with regard to the applicable federal regulations, I find that such testimony does not involve the type of scientific connection contemplated by Rule 702, and will not assist the jury in its task. The Eighth Circuit Court of Appeals has stated that "[t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *Justice v. Carter*, 972 F.2d 951, 957 (8th Cir. 1992). *See also Sorensen By and Through Dunbar v. Shaklee Corp.*, 31 F.3d 638, 648 (8th Cir. 1994) ("Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."); *United States v. French*, 12 F.3d 114, 116 (8th Cir.1993) ("Expert testimony is appropriate when it relates to issues that are beyond the ken of people of ordinary intelligence," but "'[w]here the subject matter is within the knowledge or experience of laymen, expert testimony is superfluous.'" (quoting *Bartak v. Bell-Galyardt & Wells, Inc.*,

---

practical equivalent, or, (ii) if the article is intended for use by children and is not a banned hazardous substance, adequate directions for the protection of children from the hazard.

629 F.2d 523, 530 (8th Cir. 1980))).  The federal regulations applicable in this case have already developed the required warnings, through which the standard of care is set.  *See Mattis v. Carlon Elec. Prods.*, 295 F.3d 856, 862 (8th Cir. 2002) (finding that for a failure to warn cause of action based on the Federal Hazardous Substances Act, "the jury was properly instructed that if the label contained all the information required by the FHSA, the appellants were not negligent").  The determination of whether the regulations were satisfied is not dependent on specialized knowledge or beyond the experience of ordinary lay men and women.  Rather, this determination involves questions of fact fully within the cognizance of people with ordinary intelligence, and Dr. Wood's opinions as indicated by her original expert disclosure will be excluded pursuant to Rule 702 of the Federal Rules of Evidence.

IT IS ORDERED: The Defendants Winco's and Shiu Fung's Joint Motion in Limine (Filing No. 252) is granted with respect to Dr. Christine Wood.

DATED this 6th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge