IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARGARET SHERMAN, and RICHARD SHERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> SUNSONG AMERICA, Inc., SHIU FUNG FIREWORKS, Co., LTD., WINCO FIREWORKS, Inc., WINCO FIREWORKS INTERNATIONAL, LLC., SHANGLI JIN XIN EXPORT FIREWORKS FACTORY, and WILLIAM LU, <br><br> Defendants. | CASE NO. 8:04CV300 <br><br> ORDER |

The matters before the Court are on the Motion in Limine Regarding Dr. Wood's Supplemental Disclosure (Filing No. 315), filed by the Defendants Winco Fireworks, Inc. and Winco Fireworks International, LLC (collectively referred to as "Winco"), and the Motion for Expedited Hearing on Filing No. 315 (Filing No. 322), filed by the Plaintiffs. Winco has filed a brief is support of its motion (Filing No. 316), and the Plaintiffs have filed a brief in opposition (Filing No. 326), and a supplemental brief in opposition[1] (Filing

---

[1]The supplemental brief in opposition refers this Court to the jury instructions given in a similar case based on the Federal Hazardous Substances Act ("FHSA"), which was affirmed by the Eighth Circuit in *Mattis v. Carlon Elec. Prods., Inc.*, 295 F.3d 856 (8th Cir. 2002). The Plaintiffs specifically draw this Court's attention to the following instruction:

> [The FHSA] sets the standard of care of a reasonable person. If you find that the label on the defendant's product complies with all of the provisions above, you must then find that the defendants were not negligent, and that their product was not defective or unreasonably dangerous. If you find that the warnings on defendant's product violated any of the provisions above, you must then find that the defendants were negligent, and that their product was defective and unreasonably dangerous.

(Filing No. 329, p. 2 (quoting Jury Instruction 14A)). The Plaintiffs argue that "[i]n light of the fact

No. 329). Further, Winco has filed a brief in opposition to the Plaintiffs' motion for an expedited hearing (Filing No. 327).

The parties have sufficiently briefed the motion in limine that appears at Filing No. 315, and I see no need to hold a hearing on the admissibility of Dr. Christine Wood's supplemental disclosure. In finding the original disclosure of Dr. Wood inadmissible, this Court ruled that "[t]he determination of whether the regulations were satisfied is not dependent on specialized knowledge or beyond the experience of ordinary lay men and women. Rather, this determination involves questions of fact fully within the cognizance of people with ordinary intelligence, and Dr. Wood's opinions as indicated by her original expert disclosure will be excluded pursuant to Rule 702 of the Federal Rules of Evidence." (Filing No. 320, p. 7). For similar reasons, I find her supplemental report inadmissible. I do not believe that without her guidance, as the Plaintiffs suggest, a jury will be unable to decide what data to consider, what processes it should use to make its determination, or how to view a principal hazard as opposed to some other hazard. A firework is a common product, and it is within a jury's ability to distinguish between a "principal" hazard and other, "non-principal" hazards. An erratic flight pattern is an alleged hazard that can be understood by the ordinary person. I expect that evidence concerning erratic flight patterns will be admitted, and the Plaintiffs' counsel can argue to the jury that it should find that

---

that Plaintiffs will be required to prove Winco's noncompliance with the FHSA—and in particular the principal hazard of the Saturn Missile that injured Margaret Sherman—Dr. Wood's supplemental expert disclosure will assist the jury in its findings relative to compliance or noncompliance with the FHSA." (Filing No. 329, p. 2–3).

such evidence demonstrates that an erratic flight pattern is indeed a "principal hazard" as contemplated by the federal regulations.

    IT IS ORDERED:

1.    The Motion for Expedited Hearing on Filing No. 315 (Filing No. 322), is denied; and

2.    The Motion in Limine Regarding Dr. Wood's Supplemental Disclosure (Filing No. 315) is granted.

DATED this 7th day of March, 2007.

                        BY THE COURT:

                        s/Laurie Smith Camp
                        United States District Judge