IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARGARET SHERMAN, and RICHARD SHERMAN, | ) ) ) | CASE NO. 8:04CV300 |
| Plaintiffs, | ) ) ) | |
| | ) | ORDER |
| v. | ) ) | |
| SUNSONG AMERICA, Inc., SHIU FUNG FIREWORKS, Co., LTD., WINCO FIREWORKS, Inc., WINCO FIREWORKS INTERNATIONAL, LLC., SHANGLI JIN XIN EXPORT FIREWORKS FACTORY, and WILLIAM LU, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The matter currently before the Court is on the Plaintiffs' Motion to Amend Pretrial Order (Filing No. 299), in which the Plaintiffs seek to amend the Pretrial Order (Filing No. 272) by adding six new exhibits (Plaintiffs' Exs. 209–14). Exhibits 209–13 are Consumer Product Safety Commission ("CPSC") Annual Fireworks Reports from the years 1997 through 2001, and Exhibit 214 is the Supplemental Expert Disclosure of Dr. Christine Wood. The Defendants Winco Fireworks, Inc., and Winco Fireworks International, LLC (collectively referred to as "Winco"), have filed a brief in opposition (Filing No. 307) to the Motion to Amend Pretrial Order, and the Plaintiffs have filed a brief in reply (Filing No. 318). For the reasons set forth below, the Plaintiffs' Motion to Amend Pretrial Order is granted in part and denied in part.[1]

---

[1] This Court has recently issued an Order granting Winco's motion in limine to exclude the supplemental expert report of Dr. Wood. (*See* Filing No. 331). Accordingly, the Motion to Amend Pretrial Order will be denied as to her supplemental report.

On February 8, 2007, this Court granted a joint motion allowing several Defendants, including Winco, to amend their respective answers to include the defense of preemption. However, this Court also granted leave to the Plaintiffs to "file on or before February 16, 2007, a supplementary brief and/or index of evidence in opposition to the Defendants' motion for summary judgment, addressing preemption issues in light of this Memorandum and Order, or, in the alternative, file on or before February 16, 2007, a motion seeking leave to conduct additional discovery related to the preemption issue, an extension of time to file a supplementary brief and/or index of evidence, and/or a continuance of trial." (Filing No. 285, p. 12).

On February 16, 2007, the Plaintiffs filed the Motion to Amend Pretrial Order seeking to add several exhibits for trial, with the stated purpose of countering a possible preemption defense. Winco claims that if the Plaintiffs are allowed to amend the Pretrial Order this close to trial, it would be prejudiced. Further, Winco argues that the exhibits the Plaintiffs seek to add were known to the Plaintiffs at the time of the pretrial conference. Finally, Winco asserts that if the Plaintiffs are allowed to add these exhibits, Winco should be allowed to conduct additional discovery and to submit additional exhibits.[2]

Despite Winco's current assertions, it was Winco that sought to amend its answer to include the defense of preemption on January 22, 2007 (Filing No. 261). At that time,

---

[2] Winco further argues that the Plaintiffs have not provided the requisite authentication or certified or sworn copies of the CPSC reports as required by Federal Rule of Civil Procedure 56(e) or Nebraska Civil Rule 7.1(b)(2)(c), and that the CPSC reports are hearsay and irrelevant. (Filing No. 307, p. 5). However, the Plaintiffs assert that they will offer certified copies of the CPSC documents at trial, and that the CPSC reports are not hearsay and are in fact relevant to the issues presented in this trial. (Filing No. 318, p. 5). As stated below, I will allow the Pretrial Order to be amended, and Winco may assert objections including those related to foundation, hearsay, and relevance, if and when the CPSC reports are offered into evidence.

the final pretrial conference was set for January 29, 2007, and the trial was set for March 13, 2007. It is likely that the Plaintiffs had insufficient time to prepare all necessary exhibits for the final pretrial conference. Further, I do not agree that Winco will be prejudiced, or that it should be allowed additional time for discovery, because of an issue that it raised at such a late date. I will allow the CPSC reports, Plaintiffs' Exhibits 209–13, to be added to the Pretrial Order.

IT IS ORDERED:

1. For good cause shown, the Plaintiffs' Motion to Amend Pretrial Order (Filing No. 299) is granted in part and denied in part:

   A. The Pretrial Order (Filing No. 272) shall be amended to include Plaintiffs' Exhibits 209–13, the Consumer Product Safety Commission Annual Fireworks Report from the years 1997 through 2001, and Defendants may object to the admissibility of these exhibits at trial; and

   B. The Plaintiffs' Motion to Amend Pretrial Order is denied in all other respects.

DATED this 7th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3