## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARGARET SHERMAN, and** | ) | **CASE NO. 8:04CV300** |
| **RICHARD SHERMAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **ORDER** |
| **v.** | ) | |
| | ) | |
| **SUNSONG AMERICA, Inc., SHIU** | ) | |
| **FUNG FIREWORKS, Co., LTD.,** | ) | |
| **WINCO FIREWORKS, Inc., WINCO** | ) | |
| **FIREWORKS INTERNATIONAL, LLC.,** | ) | |
| **SHANGLI JIN XIN EXPORT** | ) | |
| **FIREWORKS FACTORY, and** | ) | |
| **WILLIAM LU,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Joint Motion in Limine Regarding Plaintiffs' Trial Exhibit Numbers 205–208 (Filing No. 289) filed by the Defendants Shiu Fung Fireworks Co. Ltd. ("Shiu Fung"), and Winco Fireworks, Inc. and Winco Fireworks International, LLC (collectively referred to as "Winco"). Winco and Shiu Fung seek an order preventing the Plaintiffs and their counsel from offering into evidence at trial Plaintiffs' Trial Exhibits 205–08, or from mentioning to the jury at any stage in the proceedings references, statements, or evidence pertaining to those exhibits. Winco and Shiu Fung have filed a joint brief in support of their motion (Filing No. 290), the Plaintiffs have filed a brief in opposition (Filing No. 319), and Winco has filed a brief in reply (Filing No. 328). For the reasons set forth below, the Defendants' motion is denied.

Plaintiffs' Trial Exhibits 205–07 are court documents of a previous case. Exhibit 205 is a complaint filed by the United States of America on behalf of the Consumer Product Safety Commission ("CPSC") against Winco alleging several violations of federal

regulations and seeking an injunction to prevent Winco from introducing or receiving in interstate commerce fireworks that are banned hazardous substances and misbranded hazardous substances pursuant to federal regulations.  Exhibit 206 is a consent decree, and Exhibit 207 is a modified consent decree, of a permanent injunction pursuant to that complaint.

The Defendants claim that Exhibits 205–07 have not been properly certified, as required by Federal Rule of Civil Procedure 56(e) and Nebraska Civil Rule 7.1(b)(2)(c). Further, the Defendants claim that these exhibits contain allegations and do not establish facts, do not contain any admissions by Winco and are therefore not judicial admissions, and are not relevant to the case at hand.  (Filing No. 289, p. 2).  Winco further asserts that these documents will be offered for no other purpose than to cast doubt on the integrity of Winco and Winco's business practices.  (Filing No. 328, p. 2).  The Plaintiffs, on the other hand, assert that they will introduce certified copies at trial, and that these exhibits contain statements that contradict previously filed affidavits of Michael Collar and Ralph Apel (witnesses for the Defendants), and therefore they relate directly to the credibility of these witnesses.  (Filing No. 319, p. 2).

Exhibit 208 is a letter dated September 8, 2006, from Apel to Todd Stevenson at the CPSC.  The Defendants argue that this letter lacks the appropriate foundation, and is hearsay and irrelevant.  In this regard, the Defendants state that Apel's letter is dated several years after the time period involved in the case at hand, and his personal opinions, relative to the American Fireworks Standards Laboratory ("AFSL") standards in 2006, are not evidence of noncompliance by the Defendants in 2002.  (Filing No. 290, p. 4–5). Further, Winco argues that it submits to the testing standards required by the CPSC, and

2

the AFSL testing protocols are voluntary.  (Filing No. 328, p. 3).  The Plaintiffs, on the other hand, argue that they will be able to establish foundation because Apel is expected to testify at trial, and that the letter is relevant because it helps demonstrate the inadequacy of the testing protocols relied upon by the Defendants.  (Filing No. 319, p. 2).

I will not at this time rule that the Plaintiffs' Trial Exhibits are inadmissible, and consequently the Defendants' motion will be denied, without prejudice to assertion of objections at the time of trial.  However, I will prohibit the Plaintiffs from making reference to Plainiffs' Trial Exhibits 205–08 during voir dire or opening statements, and, if the Plaintiffs do offer Trial Exhibits 205–08 at trial, they must first request a bench conference outside of the jury's hearing before making any reference to those exhibits.

IT IS ORDERED:

1.     The Joint Motion in Limine Regarding Plainitffs' Trial Exhibit Numbers 205–208 (Filing No. 289), filed by Shiu Fung Fireworks Co. Ltd., Winco Fireworks, Inc., and Winco Fireworks International, LLC, is denied without prejudice to reassertion of objections at the time of trial; and

2.     The Plaintiffs are prohibited from making reference to Plaintiffs' Trial Exhibits 205–08 during voir dire or opening statements, and, if the Plaintiffs offer Trial Exhibits 205–08 at trial, they must first request a bench conference regarding the admissibility of the exhibits before making any reference to the exhibits.

DATED this 8th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3