## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARGARET SHERMAN, and ) <br> RICHARD SHERMAN, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> SUNSONG AMERICA, Inc., SHIU ) <br> FUNG FIREWORKS, Co., LTD., ) <br> WINCO FIREWORKS, Inc., WINCO ) <br> FIREWORKS INTERNATIONAL, LLC., ) <br> SHANGLI JIN XIN EXPORT ) <br> FIREWORKS FACTORY, and ) <br> WILLIAM LU, ) <br>  ) <br> Defendants. ) | CASE NO. 8:04CV300 <br><br> MEMORANDUM AND ORDER ON ATTORNEY FEES |

At this Court's invitation (Filing No. 285), the Plaintiffs Margaret Sherman and Richard Sherman have filed two motions (Filing Nos. 317 and 333) seeking a total award of $32,019.87 in attorneys' fees, costs, and other expenses from Winco Fireworks, Inc., and Winco Fireworks International, LLC ("Winco Defendants"), incurred as a result of the Winco Defendants' untimely motion to amend their answer to include the affirmative defense of preemption.

The Winco Defendants have filed a brief in opposition to the Plaintiffs' motions (Filing No. 355), in which they make several arguments to support their position that the Plaintiffs should not be awarded any attorneys' fees. The Winco Defendants first argue that this Court has not cited to statutory authority or made a finding of bad faith to support an award of attorneys' fees, and that the assertion of the affirmative defense of preemption at the summary judgment phase was not untimely and did not prejudice the Plaintiffs. Second, the Winco Defendants argue that none of the Plaintiffs' claims became immaterial

as a result of the amended answer, and, in particular, all issues related to the negligent failure to warn cause of action remained relevant.  Third, the Winco Defendants argue that the original disclosure and the supplemental disclosure of Dr. Christine Wood contained the same opinions, and that both disclosures of Dr. Wood were excluded for reasons related to inadequate scientific connection and absence of helpfulness to a jury, not for any reason related to preemption.  Fourth, the Winco Defendants challenge various expenses outlined by the Plaintiffs, including (1) work in researching the issue of whether the Winco Defendants waived preemption as a defense; and (2) work in researching the issue of whether the Winco Defendants' motion to amend was timely.  Fifth, the Winco Defendants challenge the reasonableness of the amounts requested, suggesting that the actual charge to the Plaintiffs by the Plaintiffs' counsel is based on a contingency fee, not an hourly rate, and that the hourly rates claimed are excessive.  Finally, the Winco Defendants claim that they should be held responsible for only half of the attorneys' fees awarded, as any claim against the Winco Defendants applies equally to Shiu Fung Fireworks, Co ("Shiu Fung").

I find that attorneys' fees, costs, and other expenses are appropriate under 28 U.S.C. § 1927.  As was stated in *Perkins v. Spivey*, 911 F.2d 22 (8th Cir. 1990), "28 U.S.C. § 1927 provides for the imposition of costs and attorney's fees against an attorney who so multiplies the proceedings in any case unreasonably and vexatiously.  The standard under § 1927 . . . is whether the attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'"  *Id.* at 36 (citing *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)).  "Behavior is 'vexatious' when it is harassing or annoying, regardless of whether it is intended to be so.  Thus, if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying,

sanctions may be imposed under section 1927." *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990). *See also In re TCI Ltd.*, 769 F.2d 441, 446 (7th Cir. 1985) ("The principle underlying § 1927 . . . is that in a system requiring each party to bear its own fees and costs, courts will ensure that each party really does bear the costs and does not foist expenses off on its adversaries.").

In this Court's February 8, 2006, Memorandum and Order, I found that the Winco Defendants attempted to raise the preemption issue "for the first time . . . two and a half years after this case was filed[], after all of the depositions were completed, after discovery was closed, after expert designations were completed, and 20 months after the deadline for amending pleadings had passed." (Filing No. 285, p. 10). I further found that the Winco Defendants' "delay" in raising the preemption defense was "unwarranted and somewhat prejudicial." (Filing No. 285, p. 10).

I now agree with the Winco Defendants that, ultimately, the Plaintiffs' first, second, and fourth through ninth causes of action were unaffected by the Winco Defendants untimely filing. However, the Plaintiffs' third cause of action was affected, as the Plaintiffs no longer were required to establish for the jury the standard of care required for their failure to warn claim. Rather, the federal regulations set the standard of care, and consequently the opinions of Dr. Wood became irrelevant.[1]

---

[1] Had the Plaintiffs proceeded to trial on their state law failure to warn claim without the preemption issue raised, the opinions of Dr. Wood would have been essential to set a distributor's standard of care and to establish a distributor's breach.

3

I have reviewed the Plaintiffs' motions and attached affidavits to consider the appropriateness of the fees and costs the Plaintiffs seek.[2] While this is not a Title VII, fee-shifting case, I find the following instructive in determining the appropriate award in this case:

> The Supreme Court established in [*Hensley v. Eckerhart*, 461 U.S. 424 (1983)] that the award . . . is based upon the so-called "lodestar." The lodestar is calculated by determining the number of hours reasonably expended, multiplied by the applicable hourly market rate for the relevant legal services.
> The reasonable rate is determined by reference to the marketplace.
> With respect to hours reasonably expended, that is ultimately a judgment for the court. The issue, however, "is not whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." The Supreme Court made it clear that counsel are required to exercise billing judgment and that district courts are required to exclude from initial fee calculations hours that were not reasonably expended, including excessive, redundant, or otherwise unnecessary work.

*El Tabech v. Gunter*, 869 F. Supp. 1446, 1456 (D. Neb. 1994) (citations omitted). "The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work." *U & I Sanitation v. City of Columbus*, 112 F. Supp. 2d 902, 904 (D. Neb. 2000).

I find that the attorneys' fees and costs as stated in Filing Nos. 317 and 333 are reasonable and accurate, and that the division of labor demonstrated in the billing

---

[2]In the affidavit at Filing No. 317-2, Mr. Michael Coyle states that he is familiar with the rates charged in the Omaha area by attorneys with experience similar to the Fraser Stryker lawyers involved in this case, and that the rates included in the first motion for attorneys' fees are fair and reasonable. Although Mr. Coyle has not attached affidavits of other attorneys in the Omaha area to validate his claim, I find that the rates stated in Mr. Coyle's accounting are in fact fair and reasonable. *See, e.g., Local 22 Int'l Bhd. of Elec. Workers v. Sadler Elec., Inc.*, 2006 WL 3511324, at *4 (D. Neb. Dec. 5, 2006).

statements are appropriate. Further, I find that the costs associated with Dr. Wood are reasonable, and almost certainly would not have been incurred had the preemption defense been timely pled.

Finally, I note that I view the Winco Defendants' liability to the Plaintiffs as a joint and several liability shared with Shiu Fung. In other words, it is impossible to separate out the work done specifically in response to the Winco Defendants with that done specifically in response to Shiu Fung, and the Plaintiffs would have had to do no less to respond solely to the Winco Defendants if Shiu Fung was not involved.

IT IS ORDERED:

1. The Plaintiffs' Application for Attorneys' Fees and Costs (Filing No. 317) is granted;

2. The Plaintiffs' Second Application for Attorneys' Fees and Costs (Filing No. 333) is granted; and

3. The payment of $32,019.87 shall be made by the Winco Defendants after judgment is entered.

DATED this 27th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge