# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARGARET SHERMAN, and RICHARD SHERMAN,** | ) ) ) | **CASE NO. 8:04CV300** |
| **Plaintiffs,** | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| **SUNSONG AMERICA, Inc., SHIU FUNG FIREWORKS, Co., LTD., WINCO FIREWORKS, Inc., WINCO FIREWORKS INTERNATIONAL, LLC., SHANGLI JIN XIN EXPORT FIREWORKS FACTORY, and WILLIAM LU,** | ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

The motions before the Court are (1) the Plaintiffs' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial, and Request for Oral Argument (Filing No. 359); (2) the Objection of Defendants Winco Fireworks, Inc., and Winco Fireworks International, LLC, to Plaintiffs' Index of Evidence in Support of Plaintiffs' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial (Filing No. 362); and (3) the Motion of Defendants Winco Fireworks, Inc., and Winco Fireworks International, LLC, for Leave to File Sur-Reply Brief in Opposition to Plaintiffs' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial (Filing No. 366). The Plaintiffs' motion has been fully briefed and is ripe for disposition, and the Plaintiffs, in their reply brief, have responded to the Defendants' objection to the Plaintiffs' index of evidence. Considering *all* of the evidence and

arguments presented by both the Plaintiffs and the Defendants, I find that the Plaintiffs' motion should be denied. Consequently, I will deny both of the Defendants' motions.[1]

## Background

This matter was brought by the Plaintiffs Margaret Sherman and Richard Sherman, seeking monetary damages from the Defendants Winco Fireworks, Inc. and Winco Fireworks International, LLC, (collectively "Winco") after a firework flew into Ms. Sherman's eye. Starting on March 13, 2007, and ending on March 20, 2007, the Plaintiffs' claims were tried before a jury. At the close of evidence, the Plaintiffs moved for judgment as a matter of law, which was denied. (Filing No. 348). The jury deliberated and returned a verdict for Winco on all causes of action. (Filing No. 352).

## Standard of Review

### A. Renewed Motion for Judgment as a Matter of Law

---

[1] The Defendants object to this Court's consideration of an affidavit signed by one of the jurors. Specifically, the Defendants object to three paragraphs, paragraphs four, five, and six. Paragraph four states that "one juror made comments to the effect that all fireworks are illegal within the Omaha city limits. The juror expressed her belief that Plaintiff Margaret Sherman should not prevail because it was illegal to use any fireworks products within the Omaha city limits." Paragraph five states that "Mrs. Sherman's 'assumption of the risk' formed the basis, in part, of the jury's decision to find in favor of the Winco Defendants on all of Plaintiffs' causes of action." Paragraph six states that "[t]he jury determined that the Saturn Missile that injured Margaret Sherman was supplied, sold, and/or distributed by the Winco Defendants."

I do not believe that the testimony contained in paragraphs four, five, or six satisfies Rule 606(b) of the Federal Rules of Evidence, which states that "a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except a juror may testify on the question of whether *extraneous* prejudicial information was improperly brought to the jury's attention or whether any *outside* influence was improperly brought to bear upon any juror." Fed. R. Evid. 606(b) (emphasis added). Nonetheless, I find that the statements contained in the juror's affidavit, even if competent evidence, are consistent with the Court's preliminary instruction that the jurors "are entitled to consider the evidence in the light of [their] own observations and experiences in life."

When considering a motion for judgment as a matter of law, a court "must determine whether or not the evidence was sufficient to create an issue of fact for the jury." *Lane v. Chowning*, 610 F.2d 1385, 1388 (8th Cir. 1979). A court, when ruling on a motion for judgment as a matter of law, must (1) consider the evidence in the light most favorable to the prevailing party, (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party, (3) assume as proved all facts that the prevailing party's evidence tended to prove, and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. *Haynes v. Bee-Line Trucking Co.*, 80 F.3d 1235, 1238 (8th Cir. 1996). "Reversible error occurs '[o]nly when there is a complete absence of probative facts to support the conclusion reached.'" *Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683, 688–89 (8th Cir. 2001) (quoting *Lavender v. Kurn*, 327 U.S. 645, 653 (1946)).

***B. Motion for New Trial***

The disposition of a motion for a new trial under Rule 59 rests within the discretion of the trial court, and is reviewable only for abuse. *See Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 932 (8th Cir. 2001) ("In reviewing the district court's decision, we give great deference to its judgment, because the district court has the benefit of hearing testimony and observing the demeanor of witnesses throughout the trial.") (citation omitted); *LiButti v. United States*, 178 F.3d 114, 118 (2d Cir. 1999) ("We reverse a trial court's denial of a motion for a new trial only for an abuse of discretion.") (citation omitted). Since this matter was tried before a jury, the current motion for a new trial is governed by Rule 59(a)(1), which provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . .

Fed. R. Civ. P. 59(a)(1). The standard for granting a new trial is whether the verdict is against "the great weight of the evidence." *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996). In evaluating a motion for a new trial pursuant to Rule 59(a), the "key question is whether a new trial should have been granted to avoid a miscarriage of justice." *McKnight By & Through Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994); *see also Shaffer v. Wilkes*, 65 F.3d 115, 117 (8th Cir. 1995) (stating that a court may grant a new trial "on the basis that the verdict is against the weight of evidence, if the first trial results in a miscarriage of justice") (citation omitted).

## Discussion

The Plaintiffs argue that for all three of Ms. Sherman's causes of action—breach of implied warranty of merchantability, negligent failure to use reasonable care to see that the firework was safe for its intended use, and negligent failure to warn—there was no legally sufficient evidentiary basis for a reasonable jury to have found in favor of Winco. Rather, the Plaintiffs assert that a review of the evidence submitted at trial reveals that the Plaintiffs are entitled to judgment as a matter of law.

Additionally, the Plaintiffs assert five separate grounds to support their motion for a new trial: (1) the jury's verdict was against the great weight of the evidence; (2) the Court erred in instructing the jury (i) by failing to instruct on the effect of the allocation of negligence, and (ii) by failing to instruct on the effect of a violation of a statute or regulation; (3) the jury considered extraneous prejudicial information; (4) false testimony was offered

by Michael Collar and Ralph Apel; and (5) Winco's untimely assertion of the preemption defense and the Court's subsequent exclusion of the Plaintiffs' expert Dr. Christine Wood.

I have carefully considered the briefs and the evidence with regard to the Plaintiffs' motion, and I find no reason to hear further argument by the parties. I remain unpersuaded that the Plaintiffs are entitled to judgment as a matter of law. Similarly, I find that the Plaintiffs' motion for a new trial should be denied.

IT IS ORDERED:

1. The Plaintiffs' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial, and Request for Oral Argument (Filing No. 359) is denied;

2. The Objection of Defendants Winco Fireworks, Inc., and Winco Fireworks International, LLC, to Plaintiffs' Index of Evidence in Support of Plaintiffs' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial (Filing No. 362) is denied; and

3. The Motion of Defendants Winco Fireworks, Inc. and Winco Fireworks International, LLC, for Leave to File Sur-Reply Brief in Opposition to Plaintiffs' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial (Filing No. 366) is denied.

DATED this 25th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge